No. 46,528

John A. Shaver, John D. Smutz and Robert I. McKay, a partner-
ship, d/b/a Shaver and Company, *Appellees*, v. Continental
Casualty Company, *Appellant*.

(499 P. 2d 513)

Opinion filed July 19, 1972.

*Robert J. O'Connor*, of Wichita, argued the cause, and *H. E. Jones*, of
Wichita, was with him on the brief for the appellant.

*Howard Engleman*, of Salina, argued the cause, and was on the brief for
the appellees.

*Per Curiam:* Continental Casualty Company appeals from the
denial, after trial to the court, of its counterclaim for $7,000 against
its insured, a partnership engaged in the practice of architecture
and engineering.

Shaver purchased from Continental an architects and/or engi-
neers professional liability policy affording coverage subject to a
deductible amount of $7,000. Shaver also purchased a general com-
prehensive liability policy from Employers' Liability Assurance
Company which had no deductible feature.

On January 5, 1966, one Larry Abell was killed in the course of
construction of a church designed by Shaver in Sutton, Nebraska.
A wrongful death action was filed seeking $125,000 from Shaver
based upon defective design (which was covered only by the Con-
tinental policy) and upon improper supervision at the jobsite (which
was covered by both policies).

At this point Shaver filed this action for a declaratory judgment
as to its coverage under the Continental policy. The wrongful
death action was ultimately settled for $24,500 with Employers'
paying $10,500 and Continental paying $14,000. Continental then
filed this counterclaim against Shaver seeking reimbursement of the
$7,000 deductible it claimed was due under its policy.

The pertinent policy provisions are as follows:

"Part III

"2. Definitions.

"a. Deductible.

"The amount stated as the 'Deductible' in Item 5 of the declarations shall

first be subtracted from the amount required to satisfy a claim against the insured. . . .

"b. Net loss.
"The net loss is the amount required to satisfy a claim against the insured . . . less the amount of the deductible.
"3. Computation of Amounts Payable by the Company (Per Claim).
·"The company shall pay all of the net loss attributable to a claim solely for bodily injury, sickness, disease or death . . ."

The definitions are unambiguous. The "net loss" here would be $24,500 ("the amount required to satisfy a claim against the insured") less $7,000 ("the amount of the deductible") or $17,500. Since Continental actually paid only $14,000 it did not pay in excess of the net loss so as to entitle it to reimbursement from the insured under Part III, paragraph 6 of its policy.

Continental contends that "the amount required to satisfy a claim against the insured" is only $7,000, the amount remaining after Employers' contribution of $10,500, less the $7,000 deductible. It further suggests this result is dictated by its "other insurance" clause, Part IV, paragraph 6, which reads:

"This policy is in excess of all other valid and collectible insurance and shall not be called upon in contribution."

This seems a tortured reading of the definition of net loss. The Abell claim was for $24,500 and that was the amount required to satisfy the wrongful death claim. Had Continental wished to define "net loss" as the amount required to satisfy the claim against the insured less payments by other insurers less the deductible, it could have done so. Under the definition it chose "net loss" is $17,500. If an insurer intends to limit its liability it should use language revealing that purpose. (*Gowing v. Great Plains Mutual Ins. Co.,* 207 Kan. 78, 483 P. 2d 1072.)

Both policies thus purport to offer only excess insurance coverage. Continental did not seek to bring Employers' into court to determine their respective liabilities under their policies. This determination would have involved not only the excess insurance clauses but also the question of whether Shaver's liability arose only by virtue of defective plans. If so, no coverage would have been afforded under the Employers' policy and the excess insurance clauses would have been irrelevant. Instead of litigating all this, the companies settled the matter as above described.

Even assuming Continental is liable only to the extent of the loss in excess of Employers' payment of $10,500, it has unequivocally

obligated itself to pay an amount not exceeding the net loss as defined in its policy. Since Continental actually paid less than the net loss as so defined, it has no right to reimbursement from Shaver. Continental initially recognized this by letter but altered its position for this action.

The judgment is affirmed.